IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAINENDRA PRASAD SHARMA, A71-944-881, Petitioner, v. MICHAEL CHERTOFF, Secretary Dept. of Homeland Security, *et al.* Respondents | Civ. No. 3:07-cv-04692-MJJ |

MOTION FOR DEFAULT JUDGMENT PURSUANT TO FRCP 55(e)

Petitioner, Jainendra Prasad Sharma, by and through undersigned counsel, hereby moves the Court for a default judgment against the United States Respondents in this matter. The basis for the motion is as follows.

The Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 on September 12, 2007. In an Order To Show Cause ("OSC") dated September 28, 2007, the Court ordered the Respondents to file and serve upon the Petitioner "within thirty (30) days of the issuance of this Order, an Answer showing cause why a writ of habeas corpus should not be issued." The Court additionally ordered the respondents to "file and serve with the answer a copy of all documents that are relevant to a determination of the issues presented by the petition." The order additionally admonished both parties that "[e]xtensions of time are not favored, though reasonable extensions will be granted," provided they are "filed no later than five (5) days prior to the deadline sought to be extended."

Thirty (30) days from the date of the Court's order would have fallen on a Sunday, thus, the Respondents' response was due by Monday, October 29, 2007. To date, no response has been filed by the Respondents, nor has any extension of time been sought.

Federal Rule of Civil Procedure 55(e) provides that "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Thus, the rule is expressed in the negative and indicates a general presumption *against* granting judgment by default against the Government *unless* the Petitioner establishes "a claim or right to relief by evidence satisfactory to the court." *Id.* "Section (e) of Rule 55 expressly bars all judgments against the United States without proof." *Klapprott v. U.S.,* 335 U.S. 601, 611 (1949). The Petitioner here meets that standard.

As noted in the habeas petition, the Petitioner is a 34-year old Indo-Fijian, native and citizen of Fiji. He is also a Hindu priest and belongs to the Sri Sanatan Dharma Saba Hindu organization. He arrived in the United States on or about December 18, 1990 in nonimmigrant student status and has not departed since that initial entry. He is married to Shavila Singh, a naturalized citizen of the United States, since September 7, 2002. Together, they have a daughter, Prisha Ishita Sharma, born on May 19, 2004 in Hayward, California. Shavila has filed an immediate relative visa petition on behalf of the Petitioner, who is otherwise eligible for adjustment of status to permanent residence.

Presently, he has a stay of removal in effect, granted by the Ninth Circuit Court of Appeals on October 11, 2007. The Petitioner's opening brief is due on January 14, 2008; the Respondents' answering brief is due on March 14, 2008. The stay of removal was granted approximately one month after the Petitioner filed his habeas petition. Significantly, the

Respondents did not oppose the Petitioner's request for a stay of removal. *See Docket*, 07-72347.

Mr. Singh has been in the custody of the Respondents since January 18, 2007. On April 17, 2007, the Government issued a "Decision to Continue Detention Following File Review," which stated three reasons for holding the Petitioner in custody: (1) "You have been a fugitive at large since August 21, 1995"; (2) "Your removal has been delayed solely through your filing of a Petition for Review with the US Court of Appeals for the Ninth Circuit, resulting in an automatic stay"[1]; and (3) "The Agency is in possession of a valid travel document."

In the original habeas petition, the Petitioner challenged the characterization of him as a "fugitive." The term "fugitive" implies that he has fled, ran away, absconded, disappeared from the jurisdiction; he has not. This is refuted, however, by the Petitioner's openly living in society under his true name, the same and only name he has ever used before the agency in the deportation proceedings. He has regularly, annually filed income tax returns under the same name that he has used before the agency. He volunteers as a priest at the Ram Krishna Temple. He founded, along with his spouse, Zero Waste Solutions, a company that specializes in recycling and diverting waste from landfills and incinerators. *See* http://www.zerowastesolutions.com/about.htm. Are these the actions of a fugitive? There is simply no evidence to support the Respondents' characterization of the Petitioner as a fugitive.

Thus, the sole basis for detaining him is his lawful exercise of judicial remedies: he is being punished for exercising his rights. As the U.S. District Court for the Western District

---

[1] Again, the temporary stay became a permanent stay because the Respondents expressly filed a non-opposition to the Petitioner's motion for a stay of removal.

of California recently stated, "[n]othing in th[e] statutory language suggests that an alien's exercise of his right to seek judicial review of an order of removal qualifies as 'conspir[ing] or act[ing] to prevent' his removal within the meaning of the statute, which, specifically applies to aliens who fail or refuse to act in 'good faith' in effecting their removal." *Martinez v. Gonzales,* 504 F.Supp 2d 887 (C.D. Cal. 2007), 2007 U.S. Dist. LEXIS 82538.

> "When an alien petitions for judicial review of a removal order, it is virtually certain that his or her appeal will delay removal by some period of time even if it does not succeed in preventing it, but to suggest that the petitioner therefore 'holds the keys' to his release from detention ignores the reality that the petitioner's conduct is merely one factor among many that affects the length of the judicial review process." *Martinez, supra.*

It is simply inhumane to punish the Petitioner for exercising his statutorily authorized right to seek judicial review of the Board's decision in federal court. "The price for securing a stay of removal should not be continuing incarceration…[Petitioner] should not be effectively punished for pursuing applicable legal remedies." *Oyedeji v. Ashcroft,* 332 F.Supp. 2d 747, 753 (M.D. Pa. 2004). "The fact that the alien has procured a stay of removal does not undermine the bedrock principle that there must be a 'special justification' outweighing the alien's constitutionally-protected interest in liberty, as well as 'adequate procedural protections' to continue incarceration while the alien litigates his claims." *Id., at* 753-54, *citing Zadvydas v. Davis,* 533 U.S. 678, 690 (2001).

There is additionally an element of insidiousness in the Respondents actions in the litigation. On the one hand, the Respondent did not oppose a stay of removal at the Ninth Circuit, presumably because it viewed the Petitioner's case as having merit; on the other hand, however, it bases its decision to continue his custody precisely because he has a stay, which was granted due to the Respondents' own non-opposition.

4

The Petitioner has previously offered to post a reasonable bond and has also agreed to submit to the Intensive Supervision and Appearance Program ("ISAP") pending the Ninth Circuit's review of the Board's decision. The Petitioner has no prior criminal history. He is seeking review of the Board's decision to deny him the opportunity to present evidence demonstrating that he has a well-founded fear of returning to Fiji due to his race, religion, political opinion and membership in a particular social group. He is neither a flight risk nor a danger to society. He merely wishes to be with his U.S. citizen wife and daughter pending the outcome of his case. Detaining this type of person for seeking a stay of removal from a country where he fears he will be persecuted is nothing more than a brutal exercise of raw power. The Petitioner's motion for default judgment should be granted.

I remain, respectfully yours,


/s/ Martin Resendez Guajardo

_____
MARTIN RESENDEZ GUAJARDO
Counsel for the Petitioner
P.O. Box 2087
San Francisco, California 94126
T: (415) 398–3852
F: (415) 296–8730

CERTIFICATE OF SERVICE

I hereby certify that on the __2nd__ day of January 2008 I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing: "Motion For Default Judgment Pursuant to FRCP 55(e)" and "Proposed Order":

United States Attorney for the
Northern District of California
450 Golden Gate Avenue, 11th Floor
San Francisco, CA 94102

/s/ Martin Resendez Guajardo
_____
MARTIN RESENDEZ GUAJARDO
Counsel for the Respondent

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAINENDRA PRASAD SHARMA,
A71-944-881,
    Petitioner,

v.

MICHAEL CHERTOFF, Secretary
Dept. of Homeland Security, *et al.*

Civ. No. 3:07-cv-04692-MJJ

Respondents

PROPOSED ORDER

    Based upon the Petitioner's Motion For Default Judgment Pursuant to Federal Rule of Civil Procedure 55(e), the evidence of record and the arguments of counsel, it is hereby ordered that the motion for default judgment against the United States be granted for failure to comply with the Court's orders.

  DATED this _____ day of _____, 2008.


_____
DISTRICT JUDGE MARTIN J. JENKINS